The Court.
 

 The question presented for the consideration of the court is, whether the distributive shares of the personal estate of the late Peter Dolbee, sen., belonging to the defendants, can be attached in the hands of the administrator whose administration account has been adjusted and settled by the register, and the amount to be dis-i tributed thus ascertained. It has been repeatedly decided, that a debt due from the intestate cannot be attached in the hands of the administrator. But the reason of that decision does not apply to a| case like the present. The act of assembly creates a legal liability! to pay on the part of an executor or administrator, both in the casa of a legacy where there are assets, and in the case of a distributiva share; and gives an action of assumpsit in both cases.
 
 {Dig.
 
 228.1 There can be no reason, therefore, why a legacy or distributive sharel should not be attached in the hands of the executor or administrator! after the administration account has been adjusted and settled by thJ register, and the extent of their legal liability thus ascertained. AI the executor or administrator, however, has a right under the act ol assembly, in case he knows of any out standing demand against thl estate, to take a refunding bond from the person entitled to the legal cy or distributive share, the court would impose the same terms o|
 
 *269
 
 the attaching creditor, and require him to give such refunding bond, under like circumstances.
 

 Cullen,
 
 for plaintiff.
 

 Brinckloe,
 
 for defendant.